# Exhibit C

**Michael Yancey**

---

**From:** Jacey Gutierrez <Jacey@pricelawgroup.com>
**Sent:** Wednesday, October 20, 2021 1:10 PM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>; Rose, Shelbie M. <srose@jonesday.com>; Hall, Christopher A. <chall@jonesday.com>
**Cc:** David Chami <david@pricelawgroup.com>; Josefina Garcia <Josefina@pricelawgroup.com>
**Subject:** Re: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Counsel,

Below is the dial-in information for the deposition on **November 9, 2021 at 11am CDT.**

David Chami is inviting you to a scheduled Zoom meeting.

Topic: DEPO-Stagger vs. Experian- Depo of Experian
Time: Nov 9, 2021 11:00 AM Central Time (US and Canada)

Join Zoom Meeting
https://us02web.zoom.us/j/83259545675

Meeting ID: 832 5954 5675
One tap mobile
+13462487799,,83259545675# US (Houston)
+16699006833,,83259545675# US (San Jose)

Dial by your location
        +1 346 248 7799 US (Houston)
        +1 669 900 6833 US (San Jose)
        +1 253 215 8782 US (Tacoma)
        +1 312 626 6799 US (Chicago)
        +1 929 436 2866 US (New York)
        +1 301 715 8592 US (Washington DC)
Meeting ID: 832 5954 5675
Find your local number: https://us02web.zoom.us/u/kd4SWlwS5W

Thank you,


Jacey Gutierrez

Paralegal to Dawn McCraw



**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
(818) 600-5594 | direct
(818) 600-5494 | fax

jacey@pricelawgroup.com

The information in this e-mail transaction, and any documents, files, or previous e-mail messages attached to it are confidential and legally privileged. It is intended for the sole and exclusive use of the addressee(s) and their authorized representative and may not be disclosed to any third party without the prior written authorization of the sender. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify jacey@pricelawgroup.com destroy the original transmission and its attachments without reading or saving in any manner.

---

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Tuesday, October 19, 2021 2:37 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Hall, Christopher A. <chall@jonesday.com>
**Cc:** David Chami <david@pricelawgroup.com>; Josefina Garcia <Josefina@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Apologies, November 9, 2021. I've attached a corrected NOD.

Thank you,

Dawn McCraw, Esq.

Price Law Group

818.600.5585

dawn@pricelawgroup.com

---

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Tuesday, October 19, 2021 2:35 PM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Hall, Christopher A. <chall@jonesday.com>
**Cc:** David Chami <david@pricelawgroup.com>; Josefina Garcia <Josefina@pricelawgroup.com>

**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Dawn,

The notice has two different dates: November 9 in the caption and November 4 in the first paragraph. Can you clarify which day you intend to take the deposition?

Thank you.

Shelbie Rose

Associate

**JONES DAY® - One Firm Worldwide®**

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949

srose@jonesday.com

---

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Tuesday, October 19, 2021 4:44 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Hall, Christopher A. <chall@jonesday.com>
**Cc:** David Chami <david@pricelawgroup.com>; Josefina Garcia <Josefina@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

** External mail **

Hi Shelbie,

Since Experian will not stipulate to the below and intends to use the argument that it could reasonably rely on Opp Loans without any additional diligence, Plaintiff has the right to depose Experian regarding said reliability, which was intentionally denied to Plaintiff (and available/requested discovery withheld) on 8/26/21. Accordingly, please find attached Plaintiff's Notice of Deposition specifically on the topic of furnisher reliability (which is being noticed for the second time).

Thank you,

Dawn McCraw, Esq.

Price Law Group

818.600.5585

dawn@pricelawgroup.com

---

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Tuesday, October 19, 2021 1:02 PM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Hall, Christopher A. <chall@jonesday.com>
**Cc:** David Chami <david@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Dawn,

At this point, we decline to that stipulation and believe it is best for us to file a motion for a protective order for this information. As both parties have acknowledged, the metric reports do not exactly show reliability, in the sense that they do not prove that the reported information is true. They show compliance with Metro-2 and demonstrate that Experian works with furnishers.

With respect to the creation of the Metrics Reports, that was my understanding at the time, and I apologize for any confusion it may have caused.

Best,

Shelbie Rose

Associate

**JONES DAY® - One Firm Worldwide®**

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949

srose@jonesday.com

---

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Tuesday, October 19, 2021 1:04 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Hall, Christopher A. <chall@jonesday.com>; Joseph, James P. <jjoseph@jonesday.com>
**Cc:** David Chami <david@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

**\*\* External mail \*\***

Shelbie,

Experian's witness, Ms. Rogers, already testified that the only "report" she knew of where Experian tracks furnisher reliability is the Furnisher Metric Report. And of course, Experian had refused to produce that report about the furnisher in this matter, Opp Loans, until 20 days <u>after</u> the depo. That was after you told me the Metric Report was a highly manual process that took weeks to create – when it is actually an automated report that is created every month and sent to each furnisher – all you had to do was give me a copy of what already existed.

In every motion, Experian argues that it is reasonable for it to rely on furnishers. There is not the slightest doubt that Plaintiff has a right to a depo covering the Metric Report topics and reliability of Opp Loans (that were already noticed <u>before</u> the 8/26/21 depo). However, I am willing to forego the second depo if Experian will stipulate that it will not argue that Opp Loans is a reliable furnisher and it was reasonable for Experian to rely on its reporting (or lack thereof).

Please advise asap.

Dawn McCraw, Esq.

Price Law Group

818.600.5585

dawn@pricelawgroup.com

---

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Monday, October 18, 2021 9:41 AM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Hall, Christopher A. <chall@jonesday.com>; Joseph, James P. <jjoseph@jonesday.com>
**Cc:** David Chami <david@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Dawn,

I hope you had a nice weekend. Experian has decided not to produce a 30(b)(6) witness for a second deposition on metrics reports. Experian believes that this information is irrelevant and that conducting another deposition on this narrow topic is disproportional to the facts at issue in this case. We plan to move for a protective order regarding this information. We will anticipate scheduling a meet and confer in the near future.

Let me know if you would like to further discuss at this time.

Best,

Shelbie Rose

Associate

**JONES DAY® - One Firm Worldwide®**

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949

srose@jonesday.com

**From:** Rose, Shelbie M.
**Sent:** Thursday, October 14, 2021 10:10 AM
**To:** 'Dawn M. McCraw' <dawn@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Hall, Christopher A. <chall@jonesday.com>; Joseph, James P. <jjoseph@jonesday.com>
**Cc:** David Chami <david@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Dawn,

Thank you for the follow-up email. Unfortunately, Cymone is unavailable for the indefinite future.  We are working on identifying another appropriate witness for a potential deposition. In the alternative, we are also considering whether a motion for a protective order for this information for would be appropriate under the circumstances. We are working with Experian to determine the best course of action and expect to have an answer to you by Monday. Let me know if you would like to further discuss.

Best,

Shelbie Rose

Associate

**JONES DAY® - One Firm Worldwide®**

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949

srose@jonesday.com

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Wednesday, October 13, 2021 8:05 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Hall, Christopher A. <chall@jonesday.com>; Joseph, James P. <jjoseph@jonesday.com>
**Cc:** David Chami <david@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

** External mail **

Shelbie,

Can you please confirm Experian will be producing Ms. Rogers for deposition and provide a couple dates (in the next couple weeks)? I need confirmation before I file the MTC.

Thank you,

Dawn McCraw, Esq.

Price Law Group

818.600.5585

dawn@pricelawgroup.com

---

**From:** Dawn M. McCraw
**Sent:** Sunday, October 10, 2021 5:03 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Hall, Christopher A. <chall@jonesday.com>; Joseph, James P. <jjoseph@jonesday.com>
**Cc:** David Chami <david@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Shelbie,

We are under a protective order and a list of account numbers (without any account information or account holder names) hardly violates the "permissible purpose."

However, I won't be including the redactions of the Metrics Report in the Motion to Compel. Instead I would like to schedule a time to continue my deposition of Ms. Rogers. The amended notice of deposition served to Experian on August 3, 2021 (10 days before the depo) added the following 3 topics. Not only did Experian wait to provide the Opp Loans Metrics report to me after my August 13 depo, but Ms. Rogers did not answer virtually any of my questions about the topics. Further there is conflicting testimony that requires vetting.

8

Please advise of when Ms. Rogers will be available in the next 2 weeks or so. I don't think the depo would take very long.

34. **Defendant's procedures to identify and take corrective action regarding data from furnishers whose dispute response behavior or other metrics indicate the furnisher is not a source of reliable, verifiable information about consumers. See STAGGER000132-133.**

35. **Defendant's furnisher reliability data for Opp Loans, including Experian's Furnisher Metrics Report and Opp Loans dispute response behavior.**

36. **Any consequences or requirements under your agreement(s) with Opp Loans to ensure accurate reporting of consumer accounts/tradelines."**

Thanks,


Dawn McCraw, Esq.

Price Law Group

818.600.5585

dawn@pricelawgroup.com


---

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Thursday, October 7, 2021 5:19 PM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Hall, Christopher A. <chall@jonesday.com>; Joseph, James P. <jjoseph@jonesday.com>
**Cc:** David Chami <david@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses


Hi Dawn,


Thank you for following up. We are willing to stipulate that the only redacted information in the produced metrics reports is the account numbers of other consumers (as we originally agreed to). We would also agree to an order

allowing us to produce the information unredacted without violating the permissible purpose sections of the FCRA. However, Experian will not file a declaration based on the below information as it currently stands.

Let me know if you would like to discuss further.

Best,

Shelbie Rose

Associate

**JONES DAY® - One Firm Worldwide®**

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949

srose@jonesday.com

---

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Thursday, October 7, 2021 7:52 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Hall, Christopher A. <chall@jonesday.com>; Joseph, James P. <jjoseph@jonesday.com>
**Cc:** David Chami <david@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

** External mail **

Shelbie,

Please advise us of the decision on the below by tomorrow 10/8/21 so we can move forward with filing the motion to compel.

Thank you,

Dawn McCraw, Esq.

Price Law Group

818.600.5585

dawn@pricelawgroup.com

---

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Tuesday, October 5, 2021 4:35 PM
**To:** Jacey Gutierrez <Jacey@pricelawgroup.com>; Hall, Christopher A. <chall@jonesday.com>; Joseph, James P. <jjoseph@jonesday.com>
**Cc:** Dawn M. McCraw <dawn@pricelawgroup.com>; David Chami <david@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Jacey,

Thank you for checking in. I am looking into this and will respond as soon as feasible.

Best,

Shelbie Rose

Associate

**JONES DAY® - One Firm Worldwide®**

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949

srose@jonesday.com

**From:** Jacey Gutierrez <Jacey@pricelawgroup.com>
**Sent:** Tuesday, October 5, 2021 2:19 PM
**To:** Hall, Christopher A. <chall@jonesday.com>; Rose, Shelbie M. <srose@jonesday.com>; Joseph, James P. <jjoseph@jonesday.com>
**Cc:** Dawn M. McCraw <dawn@pricelawgroup.com>; David Chami <david@pricelawgroup.com>
**Subject:** Re: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses


** External mail **


Counsel,


I am following up on Dawn's email below. Please advise.


Thank you,


Jacey Gutierrez

Paralegal to Dawn McCraw


 **PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
(818) 600-5594 | direct
(818) 600-5494 | fax

jacey@pricelawgroup.com


The information in this e-mail transaction, and any documents, files, or previous e-mail messages attached to it are confidential and legally privileged. It is intended for the sole and exclusive use of the addressee(s) and their authorized representative and may not be disclosed to any third party without the prior written authorization of the sender. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify jacey@pricelawgroup.com destroy the original transmission and its attachments without reading or saving in any manner.

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Wednesday, September 29, 2021 4:59 PM
**To:** Hall, Christopher A. <chall@jonesday.com>; David Chami <david@pricelawgroup.com>; Rose, Shelbie M.
<srose@jonesday.com>
**Cc:** Joseph, James P. <jjoseph@jonesday.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery
Responses

Counsel,

The Metric Report was provided to me after my 30(b)(6) deposition of Experian so I have not had an opportunity to ask
questions about it. Below is our understanding of the Report – without benefit of deposition. If correct and Experian
signs the below Declaration we will agree to remove the redaction issue from our motion to compel.

The information which Experian has redacted in Opportunity Loans Metrics Report™ is a list of consumer
account numbers of Opportunity Loans accounts which have suffered "Fatal Errors" in the month specified. A
"Fatal Error" is defined as occurring when data is provided by a furnisher which is not allowed by Experian's
system logic, and thus the furnisher data is not processed by Experian. The five categories of Fatal Errors are
listed below.

The Fatal Error account numbers are listed by category of error type:
      Reported status is not logical compared to the on-file trade status,
      Reported status does not match with the e-OSCAR®/ACDV correction,
      Reported Name(s) or Address(es) is foreign or incomplete,
      The on-file Balance date is more recent than the reported Date of Account Information (DOAI),
      Accounts Reported As Paid Already Reflects As Paid On Experian's Database As A Final Status

For each category of Fatal Error, Experian provides recommended actions to Opportunity Loans to "correct" the
Fatal Errors. If a furnisher does not correct the Fatal Error accounts, there is no action taken by Experian;
Experian relies on the furnisher to correct its errors. Experian states that none of the redacted Fatal Error
accounts listed in the Opportunity Loans Metrics Report™ belong to Plaintiff Stagger.

Experian also states that none of the redacted accounts are related to "Stale Accounts" being reported by
Opportunity Loans. Experian defines "Stale Accounts" as "open accounts (current or delinquent) with a balance
amount greater than zero which have not been updated in more than 90 days." Although Experian tracks which
Opportunity Loan Accounts are Stale Accounts, and reports the number of Stale Accounts to Opportunity Loans,
Experian does not provide a list of those actual account numbers to Opportunity Loans or recommend specific
actions regarding those Stale Accounts.

Please advise.

Thank you,

Dawn McCraw, Esq.
Price Law Group
818.600.5585

dawn@pricelawgroup.com

---

**From:** Hall, Christopher A. <chall@jonesday.com>
**Sent:** Friday, September 24, 2021 1:47 PM
**To:** David Chami <david@pricelawgroup.com>; Rose, Shelbie M. <srose@jonesday.com>
**Cc:** Dawn M. McCraw <dawn@pricelawgroup.com>; Joseph, James P. <jjoseph@jonesday.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

In N.D. Ill. there's an entire section of the form pretrial order for stipulations of the parties, but if it'll put the issue to bed, we'll recommend stipulating to it now to Experian.

Christopher A. Hall
Associate
**JONES DAY® - One Firm Worldwide℠**
77 W. Wacker
Chicago, IL 60601-1692
Office +1.312.269.1579

---

**From:** David Chami <david@pricelawgroup.com>
**Sent:** Friday, September 24, 2021 3:15 PM
**To:** Hall, Christopher A. <chall@jonesday.com>; Rose, Shelbie M. <srose@jonesday.com>
**Cc:** Dawn M. McCraw <dawn@pricelawgroup.com>; Joseph, James P. <jjoseph@jonesday.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** Re: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

**\*\* External mail \*\***

Your client can stipulate to it now?  No reason to wait until trial. I am not sure what other issues Dawn has but as for this one... if they stipulate we are resolved.

David Chami, Esq.
Managing Partner, Litigation
8245 N. 85th Way
Scottsdale, AZ 85258
Phone: 818-600-5515
Fax: 818-600-5415
david@pricelawgroup.com

**IRS Circular 230 Disclosure**: To ensure compliance with the requirements imposed by the IRS, we inform you that, to the extent that this communication or any attachment addresses a tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code; or (ii) promote, market or recommend to another party any transaction or matter addressed herein or in any such attachment.

**Confidentiality Notice**: This email and all attachments transmitted with it are intended solely for the use of the addressees and may contain legally privileged, protected, or confidential information.  if you have received this message in error, please notify the sender immediately by email reply and please delete this message from your computer and destroy any copies.

**From:** Hall, Christopher A. <chall@jonesday.com>
**Sent:** Friday, September 24, 2021 12:08 PM
**To:** David Chami <david@pricelawgroup.com>; Rose, Shelbie M. <srose@jonesday.com>
**Cc:** Dawn M. McCraw <dawn@pricelawgroup.com>; Joseph, James P. <jjoseph@jonesday.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Easy, at trial we'd stipulate to the same. Done.

Do you have any reason to doubt our representation?

Christopher A. Hall
Associate
JONES DAY® - One Firm Worldwide℠
77 W. Wacker
Chicago, IL 60601-1692
Office +1.312.269.1579

**From:** David Chami <david@pricelawgroup.com>
**Sent:** Friday, September 24, 2021 2:05 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>
**Cc:** Dawn M. McCraw <dawn@pricelawgroup.com>; Joseph, James P. <jjoseph@jonesday.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Hall, Christopher A. <chall@jonesday.com>
**Subject:** Re: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

**\*\* External mail \*\***

How would I get your statement as a "barred attorney" in at trial? Why was your witness unable to testify to that during the deposition? That is the reason why you must provide a declaration. If you refuse and we will seek court intervention.

David Chami, Esq.
Managing Partner, Litigation
8245 N 85th Way
Scottsdale AZ 85258
David@pricelawgroup.com
P: (818) 600-5515
F: (818) 600-5415

Please excuse any typos as this message has been sent from my mobile device

On Sep 24, 2021, at 7:26 AM, Rose, Shelbie M. <srose@jonesday.com> wrote:

Hi David,

The only data redacted in the Metrics Reports is the account numbers of other consumers. We risk violating the FCRA if we disclose this non-party information. In terms of the declaration, as you know, we as lawyers have ethical obligations to be fair and honest with opposing counsel. I have stated that the only information that is redacted is the account numbers of other individuals who are not involved in this lawsuit. I am making that representation as a barred attorney. Unless you can provide a reasonable basis for seeking this declaration, we will not be providing one at this time.

Best,

Shelbie Rose
Associate
**JONES DAY® - One Firm Worldwide®**
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949
srose@jonesday.com

---

**From:** David Chami <david@pricelawgroup.com>
**Sent:** Thursday, September 23, 2021 7:03 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>; Dawn M. McCraw <dawn@pricelawgroup.com>
**Cc:** Joseph, James P. <jjoseph@jonesday.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** Re: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses


** External mail **

Shelbie prior cases are not relevant here. We have learned quite a bit about Experian's practices. The metrics report only demonstrates how often Experian REJECTS reporting from Opportunity NOT how often they report accurate information. Not sure why you would try to use this as a benchmark for reliability.

Finally, if you provide a declaration under penalty of perjury that the data redacted only includes accounts of other consumers we will not need those number unredacted. However, the reason Experian rejected the data is absolutely relevant.


David Chami, Esq.
Managing Partner, Litigation
8245 N. 85th Way
Scottsdale, AZ 85258
Phone: 818-600-5515
Fax: 818-600-5415
david@pricelawgroup.com

**IRS Circular 230 Disclosure**: To ensure compliance with the requirements imposed by the IRS, we inform you that, to the extent that this communication or any attachment addresses a tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code; or (ii) promote, market or recommend to another party any transaction or matter addressed herein or in any such attachment.

**Confidentiality Notice**: This email and all attachments transmitted with it are intended solely for the use of the addressees and may contain legally privileged, protected, or confidential information. if you have received this message in error, please notify the sender immediately by email reply and please delete this message from your computer and destroy any copies.

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Thursday, September 23, 2021 3:21 PM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Cc:** Joseph, James P. <jjoseph@jonesday.com>; David Chami <david@pricelawgroup.com>; Jacey
Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer
re Discovery Responses

Hi Dawn,

In prior PLG cases, Experian has produced the Metric Reports with the specific account information
redacted, as that information is irrelevant and disproportionate under FRCP 26. Plaintiff requested the
Metrics Reports in order to see the reliability of the furnisher. The Metric Reports reveal a low rate of
furnisher error and demonstrate that Opportunity Financial is a reliable furnisher. It is not clear how
receiving an unredacted version of these reports would demonstrate furnisher reliability nor how it
would help prove your underlying claims. At this point, we will not produce unredacted Metrics Reports.
If you have a more specific basis for this request, I can take it back to Experian for consideration.

Thank you.

Shelbie Rose
Associate
**JONES DAY® - One Firm Worldwide®**
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949
srose@jonesday.com

---

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Thursday, September 23, 2021 3:44 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>
**Cc:** Joseph, James P. <jjoseph@jonesday.com>; David Chami <david@pricelawgroup.com>; Jacey
Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer
re Discovery Responses

**\*\* External mail \*\***

Hi Shelbie,

Thank you for your edits.

Yes, we are asking for unredacted Metrics Reports. Because I did not receive this document until after
my 30(b)(6) deposition of Experian, I have no idea what information has been redacted. If the list
includes account numbers or is only account numbers, then what actions is Experian asking the furnisher
to undertake for each account? Are Ms. Stagger's accounts listed and what actions are required? The
document is Confidential so there is no reason for redaction. Right now, this topic is included in our

MTC, which we are getting ready to file. Does Experian agree to provide unredacted versions? If so, we will remove the topic.

Thanks,

Dawn McCraw, Esq.
Price Law Group
818.600.5585
dawn@pricelawgroup.com

---

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Wednesday, September 22, 2021 10:58 AM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Cc:** Joseph, James P. <jjoseph@jonesday.com>; David Chami <david@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Dawn,

Please see attached for Experian's additions to the joint status report. Also, are you now seeking the unredacted version of the metrics reports? An unredacted version of the metrics report had not been sought below or in any of our prior discussions, so I want to be clear as to what is at issue. The only information that is redacted is account numbers.

Thank you.

Shelbie Rose
Associate
**JONES DAY® - One Firm Worldwide®**
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949
srose@jonesday.com

---

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Monday, September 20, 2021 9:19 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>
**Cc:** Joseph, James P. <jjoseph@jonesday.com>; David Chami <david@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

**\*\* External mail \*\***

Hi Shelbie,

Please find attached Plaintiff's portion of our joint status report – I kept it very simple since we will be filing the MTC shortly. Please add Experian's comments.

Thanks,

Dawn McCraw, Esq.
Price Law Group
818.600.5585
dawn@pricelawgroup.com

---

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Wednesday, September 15, 2021 5:32 PM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Cc:** Joseph, James P. <jjoseph@jonesday.com>; David Chami <david@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

That works for me.

Best,


Shelbie Rose
Associate
**JONES DAY® - One Firm Worldwide®**
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949
srose@jonesday.com

---

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Wednesday, September 15, 2021 8:29 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>
**Cc:** Joseph, James P. <jjoseph@jonesday.com>; David Chami <david@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses


** External mail **

Does 1 pm CST work?

Dawn McCraw, Esq.
Price Law Group
818.600.5585
dawn@pricelawgroup.com

---

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Wednesday, September 15, 2021 5:27 PM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Cc:** Joseph, James P. <jjoseph@jonesday.com>; David Chami <david@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Dawn,

Sure, I am available anytime tomorrow. Let me know what works best for you.

Thank you.

Shelbie Rose
Associate
**JONES DAY® - One Firm Worldwide®**
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949
srose@jonesday.com

---

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Wednesday, September 15, 2021 7:47 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>
**Cc:** Joseph, James P. <jjoseph@jonesday.com>; David Chami <david@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

 ** External mail **

Hi Shelbie,

Received, thank you.

Although I think we have documented our positions of remaining disagreement, do you have time tomorrow or Friday for a call so we can comply with LR 37.2?

Thanks,

Dawn McCraw, Esq.
Price Law Group
818.600.5585
dawn@pricelawgroup.com

---

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Wednesday, September 15, 2021 8:55 AM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Cc:** Joseph, James P. <jjoseph@jonesday.com>; David Chami <david@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Dawn,

I have attached Experian's document production containing the Admin Handbook (AEO) and the Metric Reports for September 2020 to April 2021 and Experian's amended responses to Plaintiff's Request for

Production. I will send the password under a separate note. In the complaint, you allege that Experian inaccurately reported Plaintiff's Opportunity Financial trade line (Compl. ¶ 45, ¶ 47). You allege that this reporting harmed Plaintiff. (Compl. ¶¶ 58-60). Experian still does not see how the production of emails and documents explaining Experian's 2021 changes to its bankruptcy scrub would further the ability to prove this claim or the existence of damages. At the point of Plaintiff's bankruptcy discharge in September 2020, Experian had not yet implemented the 2021 changes to its bankruptcy scrub (which went into effect March 1, 2021). Further, we do not see the relevance of accounts that were deleted. The Opportunity Financial trade line that was reporting as open/current and that is why the scrub did not pick it up. In addition, the subscriber agreements are outside the scope of FRCP 26 and do not show what information the subscriber is purchasing. The subscriber agreements only contain the agreed upon contractual terms between the parties. You should be able to garner the purpose of the subscriber inquiry from the admin report using the produced inquiry codes above. In addition, as you recall, the Northern District of Illinois has already rejected any insinuation that the amount a subscriber pays has any bearing on the information Experian reports. *See Experian Koerner v. Experian Info. Sols. Inc.,* Case No. 1:20-cv-0522, ECF No. 99 (N.D. Ill. Dec. 8, 2020) ("Plaintiff has not established how the specific dollar amount of third-party sales of his information supports any claims or defenses in the case. *Plaintiff has also not shown how a profit motive gives Experian an incentive to compile and report inaccurate information* to these third parties, when the reverse would appear to be true.").

Please let me know if the above produced documents alleviate any of your concerns.

Best,

Shelbie Rose
Associate
**JONES DAY® - One Firm Worldwide®**
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949
srose@jonesday.com

---

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Friday, September 10, 2021 7:44 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>
**Cc:** Joseph, James P. <jjoseph@jonesday.com>; David Chami <david@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

**\*\* External mail \*\***

Shelbie,

Thank you for your efforts, but unfortunately I don't see the modifications avoiding a motion to compel. Please advise of Experian's final position on these matters so we can prepare the motion to compel.

- Long Admin Report
  - The question here is not whether the accounts included in bankruptcy were deleted (I can see that on the Admin report) but how and why they were deleted, which we should be able to see in the Long Admin. Plaintiff is asserting that Experian's post-BK scrub is flawed and unreasonable. At this point we don't know if Ms. Stagger's accounts were deleted as part of the scrub or not, so the request is certainly relevant. Further,

our agreement with EX is that EX will not redact in the Long Admin any of the accounts that were or should have been discharged in the BK – all of the accounts at issue here were actually discharged in her BK, yet EX is refusing to unredact them in the LAR.

- Code book
    - Thank you for agreeing to produce.

- Emails and documents explaining EX's 2021 change to its BK scrub procedures
    - Based on your response, it seems the only path forward here is a motion to compel. The judge in *Achampong v. Experian* and *Campbell v. Experian* already ordered these produced.

- Opp Loans Metrics report
    - Given that Opp Loans ceased reporting the main trade line at issue in 2019, the relevant period is April 2019 through April 2021, which is also the statute of limitations period. Please advise if you will be producing this range or whether we need to include it in the motion to compel.

- Subscriber Agreements and Pricing Information
    - The subscriber agreements for only the 3 creditors where we served subpoenas is absolutely relevant and proportional. Since EX claims it does not retain any of the data which it sells to its subscribers, the subscriber agreements should help clarify what information the subscriber is purchasing. The information published to these subscribers goes directly to Plaintiff's damages. These agreements were already produced in *Campbell v. EX* (as I cited below) and there is no reasonable explanation why they shouldn't be provided here as our RFPs request. Regarding the Opp Loans Pricing Exhibit, it is part of the furnisher agreement. We asked for the complete agreement, including schedules. Experian's revenue from the main subscriber at issue here is certainly relevant as it goes to Experian's motives for refusing to scrub inaccurate data provided by that furnisher (when that data was last provided more than a year before the bankruptcy was filed) which allows the furnisher to keep collecting on discharged debt.

Dawn McCraw, Esq.
Price Law Group
818.600.5585
dawn@pricelawgroup.com

---

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Thursday, September 9, 2021 12:42 PM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Cc:** Joseph, James P. <jjoseph@jonesday.com>; David Chami <david@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Dawn,

I discussed these requests with Experian and have modified our positions below. We are willing to compromise and produce some of these documents (despite our objections) in order to avoid a motion to compel. Let me know if you would like to further discuss.

- Long Admin

- o With respect to these accounts, all ten have an exclusion code of EXCL=2 (i.e., Trade Condition = DA (Delete)). Pursuant to that exclusion code, none of those ten accounts are/were reported to a third-party. Plaintiff's March 2, 2021, consumer disclosure is evidence of that. Therefore, Experian will not unredact any of those ten accounts in the Long Admin as there is no basis for needing to see the array data for such accounts.

- Code Handbook
  - o We will produce the relevant portion of the Code Handbook regarding inquiries. This production will be subject to the AEO provision. I will get that over to you next week.

- Privilege Log
  - o Our position is that the requested documents are neither relevant, nor proportional. We have also preserved any claim of privilege in our responses to Plaintiff's written discovery. Rule 26(b) requires production of a privilege log "[w]hen a party withholds information otherwise discoverable" under the Federal Rules. Fed. R. Civ. P. 26(b)(5)(A). Here, this information is not "otherwise discoverable" because of our objections based on relevance and proportionality. Production of a privilege log prior to disposition of those objections would be premature. If the Court disagrees with our objections based on relevance and proportionality, we would then produce the required subset of documents, while asserting privilege with respect to specific documents (and producing a privilege log at that point).

- Opp Loans Metrics Report
  - o We are working with Experian to collect the subset of Opp Loans Metrics Reports for the period after bankruptcy discharge to the period where Experian updated the trade line. Therefore, the relevant period would be September 2020 to April 2021. The period prior to September 2020 does not affect the case because your claim involves how the trade line was reporting after bankruptcy discharge. I will produce these documents once they become available.

- Subscriber Agreements and Pricing Information
  - o We object to the production of these documents on the grounds of relevance. The pricing information is plainly outside the scope of Federal Rules of Civil Procedure 26 and has no relevance to this case. Further, it is irrelevant how much we receive for the credit reports as it does not affect our obligations under the FCRA. The specific amount subscribers pay has no bearing on what information we provide. In addition, the Northern District of Illinois has already discussed and rejected this argument on at least one other occasion. *See Experian Koerner v. Experian Info. Sols. Inc.,* Case No. 1:20-cv-0522, ECF No. 99 (Dec. 8, 2020) ("Plaintiff has not demonstrated the relevance of the details of third-party sales, and any potential relevance is disproportionate to the burden of creating the documents."). We have also already provided the subscriber agreement for Opportunity Financial (the furnisher at issue). The agreements for the other three subscribers are irrelevant and disproportional to the needs of the case under Rule 26.

Best,

Shelbie Rose
Associate
**JONES DAY® - One Firm Worldwide®**

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949
srose@jonesday.com

---

**From:** Rose, Shelbie M.
**Sent:** Wednesday, September 1, 2021 4:08 PM
**To:** 'Dawn M. McCraw' <dawn@pricelawgroup.com>
**Cc:** Jacey Gutierrez <Jacey@pricelawgroup.com>; Joseph, James P. <jjoseph@jonesday.com>; David Chami <david@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Dawn,

Thank you for providing the additional information. I will discuss your responses with Experian, and get back to you regarding the requested documents.

Best,


Shelbie Rose
Associate
**JONES DAY® - One Firm Worldwide®**
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949
srose@jonesday.com

---

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Tuesday, August 31, 2021 5:04 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>
**Cc:** Jacey Gutierrez <Jacey@pricelawgroup.com>; Joseph, James P. <jjoseph@jonesday.com>; David Chami <david@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses


** External mail **

Hi Shelbie,

So just so I am clear, at this point is Experian refusing to provide any of the requested documents below? After reviewing the below, please advise as to what Experian will be producing or whether we need to bring a motion to compel.

- Long Admin Report

  - There are 11 accounts that were discharged in the bankruptcy that have been redacted on the Long Admin Report and need to be unredacted. Any account that was opened prior to the bankruptcy and does not have a $0 balance prior to the filing was "discharged" in the Ch 7. See example below which I already showed you in the depo –

it is redacted in the LAR. I've attached the Admin Report which highlights the 10 accounts which need to be unredacted per our agreement.

- o <image001.png>
- o <image002.jpg>

- Code Handbook for the Admin handbook for reading the inquiries in the Admin Report
  - o We need a complete list of the codes and explanations as responsive to RFP 18, which requires all codes explaining the documents produced by Experian. We are not going to play the game of picking and choosing only certain codes. The attached Admin Report lists 4 pages of codes that we don't know what they mean and Ms. Rogers could not remember during the depo.

- Privilege log for the emails and document(s) explaining Experian's bankruptcy scrub and the changes made in early 2021.
  - o This is relevant in this matter. Here there are 2 pre-petition Opp Loans accounts, one that was not scrubbed and one that was scrubbed. Experian's witness said that at the time of Ms. Stagger's 3.2.21 report, Experian was using the version of the scrub that picked up accounts that were 91 days late or more. However, the LAI011 account was 60 days late – so why was it scrubbed? We have only gotten interrogatory responses describing the scrub (which have conflicted across cases). RFPs 15, 16, and 24 all ask for "all documents" (including descriptions, manuals, memos, emails, etc.) describing Experian's BK scrub procedures. Experian refused to "search for or produce any documents related to its implementation of the Bankruptcy Scrub." Ms. Rogers admitted at least one actual document exists and at least one email chain about the scrub procedures. In the depo, Ms. Rogers still could not define "finalized status," which is one of the 3 criteria for scrubbing an account (even though it was a topic of a meet and confer re Experian's response to RFP 24 and was on the depo topic list). As this is an e(b) claim which alleges Experian's BK scrub procedure in this matter is defective (and intentionally so), the requested documents are relevant. And since privilege is not being asserted, I am requesting the documents and not a privilege log.

- Opp Loans Metrics Report.
  - o ==Experian alleges that Opp Loans is a reliable furnisher (see RFA 28 – EX denies Opp Loans was not reliable) and in every motion argues it is reasonable to soley rely on furnishers. RFP 21 requests "all documents showing reliability data" for Opp Loans. Experian responded that "it is not aware of any documents that are responsive to this Request."== Ms. Rogers confirmed the existence of a monthly furnisher report provided to furnishers like Opp Loans (which was also confirmed in a motion to compel hearing in Achampong and provided to us in other matters). Experian knows these monthly (and annual) Metrics Reports exist in the regular course of its business. In the depo, Ms. Rogers continued to assert that the Metrics report is the only tracking of furnisher reliability which Experian maintains (even though the CFPB said it requested the CRAs to implement other furnisher reliability tracking – Exhibit 17 of depo). ==Given that these reports are the only tracking of furnisher reliability, the relevance is obvious,== I am requesting the monthly Metrics Reports for Opp Loans (which already exists) from April 2019 through April 2021.

- Subscriber Agreements - will narrow this down to the 3 inquiries that we subpoenaed; Capital One, JPMCB, Harris & Harris (see Campbell v. Experian EXPERIAN_CAMPBELL_002136-002157 for an example)

  - RFP 3 request all agreements between you and subscribers at issue in this matter. As Experian knows, the elements of Plaintiff's claim also involve inquires by third parties. I have narrowed down the subscriber agreements we need to only the 3 inquiries above where we have subpoenaed the subscribers. RFPs 11 and 12-14 also request info about what of Ms. Stagger's credit file was provided to the subscribers and what they paid for it. The subscriber agreements are responsive to this request and relevant to showing what exactly the inquiry subscriber is purchasing. As I stated above, the subscriber agreement has already been provided in *Campbell*.

  - As I stated in the depo, I am also requesting the Pricing Exhibit for Opp Loans, which was not provided. We only received the Standard Terms and Conditions and The Consumer Services Schedule.



Thank you,

Dawn McCraw, Esq.
Price Law Group
818.600.5585
dawn@pricelawgroup.com

---

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Tuesday, August 31, 2021 10:54 AM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Cc:** Jacey Gutierrez <Jacey@pricelawgroup.com>; Joseph, James P. <jjoseph@jonesday.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Dawn,

Thank you for the list. To further meet and confer on these, I have listed Experian's position on the below items. Let me know your thoughts so we can hopefully work this out.

- Long Admin Report –
  - The accounts that were discharged in bankruptcy are not redacted, so could you explain what you mean here?

- Code handbook for reading the inquiries in the Admin Report
  - Experian is willing to meet and confer regarding the specific codes at issue. Let me know what code(s) in particular you are looking at.

- Privilege log for the emails and document(s) explaining Experian's bankruptcy scrub and the changes made in early 2021.
  - Experian is withholding these documents on the basis of relevancy, not privilege, so a privilege log is unnecessary. The account at issue was current, so it was not scrubbed. That would have been the case regardless of the whether the new or old scrub rules were in place.

- Opp Loans Metrics Report. One does not need to be created; the last report already provided to Opp Loans in the regular process (probably July) is fine.
  - It is not clear how this is relevant to Plaintiff's case regarding the reporting on a consumer disclosure in March 2, 2021. Could you explain how or why this is relevant so that I can discuss with Experian?

- Subscriber agreements – will narrow this down to the 3 inquiries that we subpoenaed; Capital One, JPMCB, Harris & Harris (see Campbell v. Experian EXPERIAN_CAMPBELL_002136-002157 for an example)
  - Experian has already provided the subscriber agreement for the trade line at issue in the Complaint (Opp Loans Financial Agreement).
  It is unclear how or why the subscriber agreements for those inquiries are relevant to the case. Could you explain how or why those are relevant here?

Best,


Shelbie Rose
Associate
**JONES DAY® - One Firm Worldwide®**
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949
srose@jonesday.com

---

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Saturday, August 28, 2021 11:29 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>
**Cc:** Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses


**\*\* External mail \*\***

Hi Shelbie,

I did not do a very good job writing them down during the depo. I know they will be in the transcript but if you noted any that I don't have below, please let me know.

- Long Admin Report – unredact the additional accounts which were discharged in the bankruptcy (I think there are 11)
- Code handbook for reading the inquiries in the Admin Report
- Privilege log for the emails and document(s) explaining Experian's bankruptcy scrub and the changes made in early 2021.
- Opp Loans Metrics Report. One does not need to be created; the last report already provided to Opp Loans in the regular process (probably July) is fine.
- Subscriber agreements – will narrow this down to the 3 inquiries that we subpoenaed; Capital One, JPMCB, Harris & Harris (see Campbell v. Experian EXPERIAN_CAMPBELL_002136-002157 for an example)

Thank you,

Dawn McCraw, Esq.
Price Law Group
818.600.5585
dawn@pricelawgroup.com

---

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Thursday, August 26, 2021 2:15 PM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Dawn,

Just wanted to check in. When you get a chance, could you send me a list of all the documents/items you are seeking from Experian after today's deposition? I want to make sure we are on the page and can address each item (if we have not already in the meet and confer).

Thank you.

Best,

Shelbie Rose
Associate
**JONES DAY® - One Firm Worldwide®**
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949
srose@jonesday.com

---

**From:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Sent:** Tuesday, August 24, 2021 3:34 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

**\*\* External mail \*\***

So sorry! Will call you now

Dawn McCraw, Esq.
Price Law Group
818.600.5585
dawn@pricelawgroup.com

---

**From:** Rose, Shelbie M. <srose@jonesday.com>
**Sent:** Tuesday, August 24, 2021 12:07 PM
**To:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Dawn,

Just checking in. Are we still on for today's meet and confer at 12pm AZ? I am in the Zoom meeting now.

Thank you.


Shelbie Rose
Associate
**JONES DAY® - One Firm Worldwide®**
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949
srose@jonesday.com

---

**From:** Jacey Gutierrez <Jacey@pricelawgroup.com>
**Sent:** Tuesday, August 17, 2021 1:00 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>; Joseph, James P. <jjoseph@jonesday.com>
**Cc:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Subject:** Re: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses


 ** External mail **

Counsel,

This confirms the meeting set for **August 24, 2021 at 12pm AZ**. The dial-in information is below.

Dawn McCraw is inviting you to a scheduled Zoom meeting.

Topic: CALL- Stagger vs. Experian- M+C re EX's Discovery
Time: Aug 24, 2021 12:00 PM Arizona

Join Zoom Meeting
https://us02web.zoom.us/j/89239725289?pwd=Sml5UWZ4TExnYzJ6Zk1jTUNvUWs4QT09

Meeting ID: 892 3972 5289
Passcode: 797658
One tap mobile
+16699009128,,89239725289# US (San Jose)
+12532158782,,89239725289# US (Tacoma)

Dial by your location
        +1 669 900 9128 US (San Jose)
        +1 253 215 8782 US (Tacoma)
        +1 346 248 7799 US (Houston)
        +1 646 558 8656 US (New York)
        +1 301 715 8592 US (Washington DC)

+1 312 626 6799 US (Chicago)

Meeting ID: 892 3972 5289

Find your local number: https://us02web.zoom.us/u/ket6FbQNX

Thank you,

Jacey Gutierrez

Paralegal to Dawn McCraw

**PRICE LAW GROUP, APC**

8245 N. 85th Way

Scottsdale, AZ 85258

(818) 600-5594 | direct

(818) 600-5494 | fax

jacey@pricelawgroup.com

*PLEASE NOTE CHANGE OF ADDRESS*

The information in this e-mail transaction, and any documents, files, or previous e-mail messages attached to it are confidential and legally privileged. It is intended for the sole and exclusive use of the addressee(s) and their authorized representative and may not be disclosed to any third party without the prior written authorization of the sender. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify jacey@pricelawgroup.com destroy the original transmission and its attachments without reading or saving in any manner.

**From:** Rose, Shelbie M. <srose@jonesday.com>

**Sent:** Tuesday, August 17, 2021 7:27 AM

**To:** Jacey Gutierrez <Jacey@pricelawgroup.com>; Joseph, James P. <jjoseph@jonesday.com>

**Cc:** Dawn M. McCraw <dawn@pricelawgroup.com>

**Subject:** RE: Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

Hi Jacey,

We are available anytime on August 24.

Thank you.

Shelbie Rose
Associate
**JONES DAY® - One Firm Worldwide®**
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Office : (313) 230-7949
srose@jonesday.com

---

**From:** Jacey Gutierrez <Jacey@pricelawgroup.com>
**Sent:** Monday, August 16, 2021 6:50 PM
**To:** Rose, Shelbie M. <srose@jonesday.com>; Joseph, James P. <jjoseph@jonesday.com>
**Cc:** Dawn M. McCraw <dawn@pricelawgroup.com>
**Subject:** Stagger, Cherannzetta vs. Experian Information Solutions, Inc.- Plaintiff's Meet and Confer re Discovery Responses

**\*\* External mail \*\***

Counsel,

Attached find Plaintiff's attempt to meet and confer regarding Experian's discovery responses and production.

We request that you amend your responses no later than **August 30, 2021.**

Dawn will be available for a call to discuss, for the dates and times below:

**August 19 after 10am AZ**
**August 20 after 10am AZ**
**August 23 after 10am AZ**
**August 24 after 12pm AZ**

Thank you,


Jacey Gutierrez

Paralegal to Dawn McCraw


**PRICE LAW GROUP, APC**

8245 N. 85th Way

Scottsdale, AZ 85258

(818) 600-5594 | direct

(818) 600-5494 | fax

jacey@pricelawgroup.com

*PLEASE NOTE CHANGE OF ADDRESS*

The information in this e-mail transaction, and any documents, files, or previous e-mail messages attached to it are confidential and legally privileged. It is intended for the sole and exclusive use of the addressee(s) and their authorized representative and may not be disclosed to any third party without the prior written authorization of the sender. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify jacey@pricelawgroup.com destroy the original transmission and its attachments without reading or saving in any manner.



***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from

your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***