IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHERANNZETTA STAGGER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21 C 2001 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has filed a motion asking for reconsideration of the Order of November 15th or for a stay of enforcement of that Order to allow defendant to file an objection to it under Fed.R.Civ.P. 72(a). The motion [Dkt. #49] is granted only insofar as enforcement of the order is stayed as the defendant asks. To the extent the motion seeks reconsideration of the discovery order [Dkt. #49], it is denied. It is unusual for a Motion for Reconsideration of a discovery ruling to be made in lieu of objections with the District Court under Fed.R.Civ.P. 72. Objections filed under Rule 72 preserve assignments of error for appeal, while a motion for reconsideration does not. Here, Experian has tried to straddle the two, and it's not clear why other than to achieve an extension of the 14-day deadline for filing objections. *See Davis v. Kayira*, 938 F.3d 910, 917 (7th Cir. 2019)("... Rule 72(a) requires an objection to nondispositive orders within 14 days and itself bars further review of untimely objections...."). That was why Experian was allowed 15 days for compliance. [Dkt. #38, at 1]. The time allowed was for Experian to file objections, if it chose to, and, if it did, to stay enforcement only then.

Even under ordinary circumstances, motions for reconsideration are disfavored – and for sound institutional reasons. *See LAJIM, LLC v. General Electric*, 917 F.3d 933 (7th Cir. 2019); *Caisse Nationale de Credit Agricole v. CBI Industries Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *Art Akiane LLC. v. Art & SoulWorks LLC,* 2021 WL 5163288, at *6 (N.D. Ill. 2021); *Beezley v. Fenix Parts, Inc.*, 320 F.R.D. 198, 201 (N.D. Ill. 2018)(and cases cited). They serve an extremely limited purpose: the correction of manifest errors of law or fact or the presentation of newly discovered evidence. *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008); *Caisse Nationale*, 90 F.3d at 1269. Importantly, a manifest error is not merely some mistake; it occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015). Experian has certainly not shown that to have been the case here. Indeed, it submits only that the court made a mistake and, moreover, that any mistake it may have made was due to Experian's own "[i]nartful" language [Dkt. #49, at 6, 10-11].

A motion for reconsideration of a discovery order is even more limited than one for reconsideration of a substantive ruling, as discovery rulings involve matters of discretion. Overturning a discovery order requires a showing that the ruling was "clearly erroneous." *Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016); *Berkeley*IEOR v. Teradata Operations, Inc.*, 2020 WL 5230744, at *1 (N.D. Ill. 2020). That's a steep hill to climb – to say the least. *See Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001) (concluding that a decision is only clearly erroneous if "it strikes us as wrong with the force of a 5 week old, unrefrigerated, dead fish"). *Cf. Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)("The clear error standard means that the district court can overturn the magistrate judge's ruling only if [it] is left with the definite and firm conviction that a mistake has been made."). Yet, in many cases – and

this one is no exception – an attorney who files a motion for reconsideration is looking for a "do-over." *Terese F. v. Saul*, 396 F. Supp. 3d 793, 795 (N.D. Ill. 2019); *see also Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)("Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless."). But a court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco. Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988); *see also Owens Trophies, Inc. v. Bluestone Designs & Creations, Inc.*, 2014 WL 5858261, at *3 (N.D. Ill. 2014); *On Command Video Corp. v. Roti*, 2010 WL 2740309, at *1 (N.D. Ill. 2010). Here, Experian's motion for reconsideration – far more detailed and better supported than its response to plaintiff's motion to compel – perhaps ought to have been the brief it filed in response to plaintiff's motion. But it is too late for that now, of course. *See Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014); *Miller v. Safeco Ins. Co. of America*, 683 F.3d 805, 813 (7th Cir. 2012). *See also Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018); *Winfield v. Dorethy*, 871 F.3d 555, 559 (7th Cir. 2017).

In any event, although we need not go over the Opinion's reasoning again – we do so. A party does not have to put together a log of documents it is withholding due to claimed irrelevance and the Opinion did not say otherwise. [Dkt. #38, at 12]. This is a matter of common sense and efficiency. But a party cannot avoid discovery by making an unsupported, boilerplate relevance objection – as Experian did here – bring that objection to court, finally attempt to support it by briefing the matter, and then start all over again with a similarly unsupported privilege objection. But, again, that is what Experian wanted to do here. [Dkt. #49, at 3]. "Motion practice is not a series of trial balloons where you [submit] what you think is sufficient, [you] see how it flies, and if it does not, you go back and try again. If that is the way the system worked we would have motion practice going on forever."

3

*Hansel 'N Gretel Brand, Inc. v. Savitsky*, 1997 WL 698179, *2 (S.D.N.Y. 1997). The time for Experian to bring its arguments as to privilege was in its response to a motion to compel the documents it claimed to be withholding based on privilege. It chose not to do so, because it could not.

A claim of privilege made based exclusively on what a party perceives to be the general nature of a cache of documents – which is what Experian concedes it has advanced here [Dkt. #49, at 9] – is, by definition, a blanket claim of privilege. Blanket claims of privilege have always been unacceptable as we stressed in the original Opinion. *United States v. White*, 970 F.2d 328, 334 (7th Cir. 1992). Not every document generated in a party's course of business that is blessed by an attorney's eyes becomes privileged. *See Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003); *Matter of Walsh*, 623 F.2d 489, 494 (7th Cir. 1980). And finally, and significantly, it would appear from Experian's motion for reconsideration that it admits that it did not review the documents in question before claiming they were privileged. [Dkt. #49, at 4 (". . . here, where the privileged nature of the documents was evident from the Request itself, a general privilege objection was not improper.")]. Actually, it admits that for the second time as it clearly told the court it would only collect and review documents to determine if they were privileged once the court ruled on its boilerplate relevance objection. [Dkt. #30, at 12-13; #38, at 10]. I reject the notion that attorneys need not review documents *before* claiming they are privileged; so does every court in the country, and so do the relevant Advisory Committee Notes that provide that "[a]n objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'" 2015 Committee Notes on Rules – 2015 Amendment.

But, there must be more than a statement that documents have been withheld. "Talk is cheap", *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020, and "...saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). *Accord Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020). Fed.R.Civ.P. 34(b)(2)(B), which requires that objections to requests to produce must be stated "with specificity." Fed.R.Civ.P. 26(b)(5) still requires a party claiming privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Boilerplate objections are still unacceptable – always and everywhere. *See, e.g., Stagger v. Experian Information Solutions, Inc.,* 2021 WL 5299791, at *5 (N.D. Ill. 2021); *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. 2017). Attorneys still have to review documents before claiming they are privileged. And, to fail to do so, and still make such a claim, can still only be described as the result of bad faith, ineptitude, or misguided cleverness. And Experian's lawyers surely do not fall into the first two categories.

It appears that there is some animosity between the law firms in this case, and that they are engaged in perhaps one hundred cases like this around the country. Magistrate Judges generally have about one hundred or more discovery referrals at a given time – many of which involve protracted and factually labyrinthine discovery disputes, and thus, the pressure of heavy caseloads are not lost on the court. But heavy caseloads do not account for – or allow – what occurred here. There are no special rules or privileges or shortcuts for attorneys who choose to take on more work than others who are involved in complicated matters. *Compare Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006); *Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chicago*, 543 F.

App'x 591, 594 (7th Cir. 2013); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012); *Dean v. Chicago Transit Authority*, 118 F. App'x 993, 996 (7th Cir. 2005). While, as the Hyman Roth character in The Godfather said, "[t]his is the business we've chosen," we still have to play by the rules, and anyone who decides "to play by rules of their own invention will find that the game cannot be won." *United States v. Golden Elevator*, 27 F.3d 301, 302 (7th Cir. 1994).

ENTERED: *[signature: Jeffrey Cole]*
UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/29/21