**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHERANNZETTA STAGGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 C 02001 |
| | ) | |
| EXPERIAN INFORMATION | ) | Judge John J. Tharp, Jr. |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

For the reasons set forth in the Statement below, the defendant's motion to dismiss for lack of subject-matter jurisdiction [44] is granted. This case is dismissed without prejudice. Final judgment will be entered. All deadlines are stricken, and any pending motions, including the defendant's objections to Magistrate Judge Cole's order [52], are denied as moot. Civil case terminated.

**STATEMENT**

On June 3, 2020, Cherannzetta Stagger filed for Chapter 7 Bankruptcy. She received an Order of Discharge on September 9, 2020. After Stagger was discharged from bankruptcy, Experian Information Solutions, Inc., prepared credit reports that inaccurately reported a debt that had been discharged; under Positive Account Activity, Experian reported a discharged account with Opportunity Financial, LLC, as "Open/Never Late" with a balance of $2,426. May 05, 2021 Credit Report 7, Def. Mot. to Dismiss, Ex. B, ECF No. 48. Based on this inaccuracy, Stagger brings a claim under the Fair Credit Reporting Act. 15 U.S.C. § 1681e(b).

During discovery, Experian filed a motion to dismiss for lack of subject-matter jurisdiction. Experian contends that, based on the evidence already produced in discovery, Stagger cannot prove an injury in fact; it brings a factual challenge to standing. Stagger objects to having to prove standing with evidence before the close of discovery. The Court, however, has an obligation to assure itself of subject-matter jurisdiction at all stages of the proceedings. Fed. R. Civ. P. 12(h)(3). Stagger's argument is procedural; she does not contend that she expects to receive or discover evidence of an injury in fact or that she plans to rely on future discovery to prove damages. *Cf. Cook Cnty. v. Wells Fargo & Co.*, No. 14 C 9548, 2021 WL 2206157, at *2 (N.D. Ill. June 1, 2021) (denying 12(b)(1) motion during discovery when Plaintiff planned to establish injury through expert testimony and expert discovery had not yet begun). Thus, the Court finds that it is appropriate to address whether Stagger has standing based on the existing record.

Stagger also accuses Experian of confusing damages with a concrete, particularized injury required for standing. The Court disagrees. It is true that parties sometimes confuse whether a

plaintiff can prove damages with whether a plaintiff has standing under Article III. A party may have standing to sue without proving damages. *Id.* at *2-3 (explaining the difference between damages and injury in fact). In this case, Experian challenges standing not damages. Experian does not contend that Stagger's damages were offset or that she cannot prove financial harm from inaccurate reports. It argues in its motion that the inaccurate report was ***never*** harmful. The Court finds that Experian brings a standing challenge because it contends that the inaccuracy never injured Stagger at all.

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo v. Robins*, 578 U.S. 330, 341 (2016). The Supreme Court made it clear in *Spokeo v. Robins* that not all inaccurate reporting results in an injury in fact that could support standing. 578 U.S. at 342 ("[N]ot all inaccuracies cause harm or present any material risk of harm."). The inaccuracy must have caused harm or created an "imminent and substantial" risk of future harm. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021). And further, "in a suit for damages, the mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a *separate* concrete harm." *Id.* at 2210-11 (emphasis in original).

Intangible injuries are concrete if they "bear[] a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.* at 2208 (quoting *Spokeo*, 578 U.S. at 341). In *TransUnion LLC v. Ramirez*, the Supreme Court held that the dissemination of credit reports that labeled individuals as "potential terrorists, drug traffickers, or serious criminals" created injuries in fact; the Court also held that the class members whose reports were not disseminated did not have standing. *TransUnion*, 141 S. Ct. at 2209, 2212-13. The Court compared the alerts on consumers' reports to defamation, which requires publication to be actionable. *Id.* at 2208.

In response to Experian's motion to dismiss, Stagger argues that the dissemination of the inaccurate report itself constitutes a concrete injury akin to reputational harms caused by defamation, citing *Ramirez*. The Seventh Circuit has also recently held that, based on an analogy to defamation, consumers established standing by proving that debt collectors reported debts to credit reporting companies without reporting that the consumers disputed the debts. *Ewing v. MED-1 Sols., LLC*, Nos. 21-1276 & 21-1299, 2022 WL 303366, at *6 (7th Cir. Feb. 2, 2022). In that case, both consumers in two consolidated cases alleged that their credit scores rose after the inaccuracies were corrected. *Id.* at *1-2. The Seventh Circuit held that the plaintiffs "have shown that their injury is related closely to the harm caused by defamation." *Id.* at *6. The Court held that the statements were defamatory because they caused "a real-world injury; being portrayed as a deadbeat who does not pay her debts has real-world consequences." *Id.*

Experian's inaccurate statement, however, was not defamatory. Inaccurately stating that a debt is "Open/Never Late" under positive activity is nothing like reporting an unpaid debt without including that the debt is disputed or an alert labeling a consumer a potential terrorist, drug trafficker, or serious criminal. While Experian's report was inaccurate, the inaccuracy in this case was not defamatory; if anything, it cast Stagger in a more positive light financially than she deserved. The inaccuracy indicated that Stagger paid her debts and was indeed beneficial to Stagger's credit score, unlike the plaintiffs in *Ewing v. MED-1 Sols., LLC*. Instead, this case

resembles *Spokeo* where the Supreme Court notes that innocuous inaccuracies do support standing. 578 U.S. at 342.

Not surprisingly, then, Stagger's attempt to demonstrate concrete injuries caused by this beneficial reporting error fall short. In her complaint, she alleged that she applied for a Capital One credit card and received less favorable rates because of the inaccurate report. Stagger also stated in her response to Experian's interrogatories that she was denied an apartment and a Credit One Bank card. Experian, however, showed through two credit reports, one containing the inaccuracy and the corrected report, that the inaccuracy actually increased Stagger's credit score. The report listed her consistent payments on the loan as positive activity; after that inaccurate report was corrected, Stagger's credit score went down. Experian also stated in its motion that Capital One, if it had approved Stagger for credit at less favorable rates, would have been required by law to provide Stagger with documentation explaining the rates. Experian also showed that the injuries she described in her interrogatory responses occurred well before Stagger filed for bankruptcy; her credit report shows that Resident Verify inquiry was on March 19, 2020, and the Credit One Bank inquiry was on December 2, 2019. May 5, 2021 Credit Report 8. Both inquiries occurred before she filed for bankruptcy in June 2020. Stagger fails to rebut any of these points.

In the absence of any concrete injury that has occurred, Stagger claims that she is at risk for future harm. She contends that the inaccuracy could still raise her debt-to-income ratio, a metric that lenders may consider when approving a loan or extending credit. She does not allege facts, let alone present evidence, that could prove that she was harmed by a higher debt-to-income ratio; she does not even allege that a lender calculated her debt-to-income ratio based on a report from Experian. Stagger cannot contend, moreover, that an appreciable risk of harm existed at the time of filing. She did not allege she planned to apply for a loan or credit that would require analyzing her debt-to-income ratio. In any event, and as noted above, in *Ramirez* the Supreme Court scotched the notion that risk of future harm provides standing to sue for damages and Stagger is not seeking injunctive relief.

Finally, Stagger also claims that she incurred emotional damages as a result of this erroneous report. Emotional distress, however, is inadequate to provide standing. *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021) ("As our bevy of recent decisions on FDCPA standing makes clear, anxiety and embarrassment are not injuries in fact."). Because the Court finds that Stagger's emotional harms cannot support standing, the Court does not address the parties' arguments regarding whether those injuries are traceable to Experian.

For the foregoing reasons, Stagger lacks Article III standing. The Court, therefore, does not have subject-matter jurisdiction, and this case must be dismissed without prejudice.

Dated: February 9, 2022

John J. Tharp, Jr.
United States District Judge