**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHERANNZETTA STAGGER,<br><br>                Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                Defendant. | Case No.: 1:21-cv-2001<br><br>**Honorable John J. Tharp, Jr.**<br><br>**MOTION TO SUPPLEMENT THE RECORD** |

    Plaintiff Cherannzetta Stagger ("Plaintiff"), by counsel, pursuant to Federal Rule of Appellate Procedure 10(e), and in connection with the Opening Brief in the 7th Circuit Court of Appeals, respectfully submits this Motion to Supplement the record. In support of this Motion, Plaintiff relies upon the accompanying Brief in Support.

    Prior to filing this Motion, Plaintiff's counsel met and conferred with Experian's counsel on April 25, 2022, and Experian's counsel is opposed to supplementing the record to include a full copy of the attached Exhibit A- Plaintiff's myFICO Score Report dated 03/02/2022.

**<u>BRIEF IN SUPPORT</u>**

    **I.    BACKGROUND**

    On February 9, 2022, the Court granted Defendant Experian Information Solutions, Inc.'s ("Defendant") motion to dismiss, finding that Plaintiff lacked Article III standing. Doc. 68, Order. In so doing, the Court relied upon two credit reports generated by Experian and found:

1

> While Experian's report was inaccurate, the inaccuracy in this case was not defamatory; if anything, it cast Stagger in a more positive light financially than she deserved.
>
> \* \* \*
>
> Experian, however, showed through two credit reports, one containing the inaccuracy and the corrected report, that the inaccuracy actually increased Stagger's credit score. The report listed her consistent payments on the loan as positive activity; after that inaccurate report was corrected, Stagger's credit score went down.

Doc. 68 at pp. 2-3.

Plaintiff had requested that the Court not consider matters outside the pleadings since discovery was ongoing, and to permit completion of discovery. Doc. 58, Plaintiff's opposition to Experian's motion to dismiss.

## II.     RELEVANT STANDARD OF LAW

Federal Rule of Appellate Procedure 10(e) allows a party to request to supplement the appellate record:

> **(e) Correction or Modification of the Record.**
>
> (1)   If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2)   If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
> (A) on stipulation of the parties;
>
> (B) by the district court before or after the record has been forwarded; or
> (C) by the court of appeals.
>
> (3)   All other questions as to the form and content of the record must be presented to the court of appeals.

Fed. R. App. P. 10(e).

The purpose of the rule is "to ensure that the record reflects what really happened in the district court." *Gallo v. Mayo Clinic Health System-Franciscan Medical Center, Inc.*, 907 F.3d 961, 964 (7th Cir. 2018) (quoting *United States v. Banks*, 405 F.3d 559, 567 (7th Cir. 2005)). It is not designed to allow "the losing party to add new material to the record in order to collaterally attack the trial court's judgment."

**III.    ARGUMENT**

Plaintiff respectfully contends the record should be supplemented to permit Plaintiff to file a complete copy of a myFICO report containing the tradeline information reported by Experian. Experian supplied the Court with two reports that Experian created on its own for use in this litigation. These reports contain numerous material misrepresentations by Experian. Plaintiff has since discovered a myFICO report from the FICO website where Experian reported additional derogatory information in the "corrected" report that conflicts with the report provided to the Court (which Experian intended to show that Plaintiff's score "decreased" because of the correction).

Below are the report excerpts that Experian provided to the Court:



Experian Report excerpt, May 5, 2021.



Experian Report excerpt, May 14, 2021.

However, the "post-correction" report on May 14, 2021 was not an accurate or complete representation of Experian's reporting of the OPP LOANS tradeline. Plaintiff has since discovered Experian failed to disclose it was also reporting additional derogatory information that led to the purported score decrease, including: (i) a worst delinquency reflecting that the account status was "Charge-Off/Other Derog," (when the Account was *actually* "current/never late") and a "CO" (Charge-Off) for June 2020 followed by NR (no ratings thereafter). By contrast, the report provided to the Court omitted this information and reported a payment history of "OK" for June 2020, clearly a discrepancy. Experian's reports were therefore not accurate representations to the Court for the purpose which they were submitted. Prior to Plaintiff obtaining her March myFICO Experian report, Plaintiff would have had no reason to believe Experian's "post-correction" disclosure was inaccurate.

4

| | Equifax | TransUnion | Experian |
|---|---|---|---|
| **Opportunity Financia** CLOSED | | | |
| Last Updated | 07/2019 | 06/2019 | 06/2020 |
| Payment Status | 🟢 Pays account as agreed | 🟢 Paid or paying as agreed | 🔴 Debt included in or discharged through Bankruptcy Chapter 7, 11, or 12 |
| Worst Delinquency | None Reported | None Reported | Charge Off/Other Derog |
| Balance | $0 | $0 | – |
| Credit Limit | – | – | – |

**2-YEAR PAYMENT HISTORY**

| 2020 | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Experian | OK | OK | OK | OK | OK | CO | NR | NR | NR | NR | NR | NR |
| TransUnion | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR |
| Equifax | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR |

Ex. A, myFICO report dated March 2, 2022.

Accordingly, Plaintiff respectfully requests that this Honorable Court allow Plaintiff to supplement the record with a complete copy of the myFICO report.

RESPECTFULLY SUBMITTED this 23rd day of May 2022.

*/s/Dawn M. McCraw*
Dawn M. McCraw (IL #035321)
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (818) 600-5485
E: dawn@pricelawgroup.com
*Attorney for Plaintiff,*
*Cherannzetta Stagger*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23rd, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/Jacey Gutierrez*